IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                Case No.: 3:23-cr-00148

**JAMES FRANKLIN WILL, III**

## MEMORANDUM OPINION AND ORDER

Pending is Defendant's Motion for Reconsideration for Release on Bond, (ECF No. 30). Defendant asks that the issue of detention be reopened based upon two pieces of information that were not known to the defendant at the time of the detention hearing and that have a material bearing on the issue of whether there are conditions of release that would reasonably assure the safety of any other person or the community. 18 U.S.C. § 3142. In particular, Defendant asserts that his father requires his presence at home to take his father to various medical appointments, including surgeries. In addition, Defendant states that his disability payments will be paused while he is in custody, and his father relied on those payments to cover the mortgage on his father's house. (ECF No. 30 at 2). Defendant argues that his "commitment to his father's health and security will discourage him from violating conditions of release." (*Id.* at 3).

The United States filed a response in opposition to the Motion, indicating that the reasons provided by Defendant do not qualify as grounds to reopen the detention issue. (ECF No. 34). To begin, the United States contends that Defendant knew of his father's poor health at the time of the hearing and also knew that his disability benefits assisted

1

in paying the mortgage. Consequently, the information existed and was available to Defendant when the detention hearing occurred. (ECF No. 34 at 3). Furthermore, the United States asserts, this allegedly "new" information fails to have a material bearing on the issue of detention. (*Id.* at 3-4).

In reply, Defendant states that he knew his father was ill, but did not know about his upcoming appointments and need for transportation. (ECF No. 35). Defendant adds that *his lawyer* was unaware that Defendant's detention would result in financial hardship to Defendant's father and perhaps cause him to lose his home. (*Id.* at 2). Defendant reiterates that he would be "less likely to violate the conditions of release" if committing violations would harm his father's health and jeopardize his home.

Title 18 U.S.C. § 3142 allows the Court to reopen the issue of detention at any time before trial "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other persona and the community." Undoubtedly, the health circumstances of Defendant's father and Defendant's financial contributions to the household were available information at the time of the detention hearing. Furthermore, Defendant's father testified at the hearing and could have provided more detailed information about his upcoming medical appointments and his mortgage payments if those issues were felt to be critical to Defendant's release. The requirement that information be "new" has been interpreted strictly "so as to deny a reopening where the evidence relied upon was available at the initial detention hearing." *United States v. Keo*, No. 22-40061-HLT, 2023 WL 7161159, at *3 (D. Kan. Oct. 31, 2023) (citing *United States v. Schneider*, No. 07-10234-01-MLB, 2008 WL 11396795, at *4 (D. Kan. Apr. 21, 2008)

(collecting cases)); *see, also, United States v. Ramadan,* No. 20-1450, 2020 WL 5758015, at *1 (6th Cir. Sept. 22, 2020) ("Courts interpret this requirement strictly, requiring a showing of truly changed circumstances or a significant event."). Without this requirement, both the United States and defendants could seek multiple detention hearings during the pretrial course of a criminal proceeding, introducing substantial inefficiency into the process and wasting judicial resources. *See United States v. Fordham,* No. 3:22-cr-109-1, 2022 WL 2898912, at *4 (M.D. Tenn. Jul. 21, 2022) (holding that the rationale for requiring new and material information to reopen a detention hearing "is to encourage a party to be diligent in bringing forth all material evidence the first time a hearing is held and discourage piecemeal presentations or prolonged proceedings absent a demonstrated legitimate reason for not presenting the evidence.").

In any event, the Court detained the defendant based upon his danger to the community, and not on his risk of nonappearance. Even if the Court were to accept that *the defendant* (rather than his counsel) had *no knowledge* of the information raised in the Motion for Reconsideration, that information does not have a material bearing on the issue of Defendant's dangerousness and, thus, does not justify reopening the detention issue.  The factors listed in 18 U.S.C. § 3142(g) focus on the defendant, not on his family members or their needs. The analysis under § 3142 requires the judicial officer to consider the history and characteristics of the defendant, not his family members. While Defendant argues that the nature and seriousness of the danger he poses to the community would be decreased by his commitment to his father, that argument is speculative at best and simply not borne out by Defendant's history and characteristics, or by the information contained in the Pretrial Services Report.

As detailed in the Pretrial Services Report, when interviewed, Defendant stated that he had no monthly income and usually provided his father with "a couple hundred dollars" per month, when he could, but he otherwise relied on his father for room and board. Two other adults, besides the defendant and his father, live in the residence and can contribute to the living expenses and provide transportation to medical appointments. Defendant and his father have lived together at the father's residence for twenty years, during which Defendant has spent considerable time incarcerated. Indeed, Defendant was in custody from October 2009 through May 2013, from July 2015 through July 2016, from April 2017 through April 2019, and from February 2020 through at least May 2022. The Report reflects that Defendant has repeatedly engaged in criminal behavior while living with his father and the defendant's father has spent much of the last decade paying his mortgage without Defendant's assistance. That being the case, Defendant's supposition that his dedication to his father's well-being would trump his proclivity to commit criminal offenses while on bond, probation, or parole is not convincing.

Courts that have considered whether financial or health problems experienced by a defendant's family member have a significant bearing on the issue of the defendant's detention have generally determined that, alone, they do not. *See United States v. Lopez*, No. 1:22-CR-00267-JLT-SKO, 2023 WL 6541806, at *3 (E.D. Cal. Oct. 6, 2023) ("The Court agrees with the Government that to the extent that the Defendant's argument can be interpreted as a request to be released in order to provide financial assistance for his family, this information has no material bearing on the issue of safety or nonappearance."); *United States v. Rains,* No. 22-cr-18, 2022 WL 4534540, at *2 (S.D.N.Y. Sept. 28, 2022) ("From the outset, cases in this Circuit have rejected bail

modification requests where a family member's health conditions did not relate to the determination of whether defendant is a flight risk or danger to society."); *United States v. Bryan*, No. 21-CR-102-CVE-8, 2022 WL 2168857, at *1 (N.D. Okla. June 16, 2022) ("The defendant's mother's situation [elderly and in declining health], while difficult and troubling to defendant, does not alone have 'a material bearing on the issue of whether there are conditions of release that will reasonably assure the appearance of [defendant] as required and the safety of any other person and the community.'"); *United States v. Douville*, No. 1:21-CR-70, 2021 WL 6128251, at *2 (W.D.N.C. Dec. 28, 2021) ("The new information regarding Defendant's uncle's medical situation may, understandably, be personally important to Defendant but it is not clear from the current record how this information would be particularly significant to the detention inquiry."); *United States v. Schlenker*, No. 1:21-CR-01066-WJ, 2021 WL 5371432, at *2 (D.N.M. Nov. 18, 2021) ("Furthermore, the health of Mr. Schlenker's mother does not change the Court's assessment as to 'whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.'"). The undersigned is persuaded by these cases and the language of 18 U.S.C. § 3142 that Defendant could not offer evidence regarding his father's health or financial situation that would have a material bearing on the danger that the defendant poses to the community. The circumstances set forth in the Pretrial Services Report, as well as Defendant's history of criminal behavior, gun possession, substance abuse, and violations of parole, probation, and bond require his continued detention. Therefore, the Motion, (ECF No. 30), is **DENIED** and Defendant is **ORDERED** to remain in detention for the reasons previously set forth in the Detention Order. (ECF No. 26).

The Clerk is directed to provide a copy of this Order to the defendant and counsel of record.

**ENTERED:** December 8, 2023

---
Cheryl A. Eifert
United States Magistrate Judge