THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO.   3:23-00148

JAMES FRANKLIN WILL, III

### MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant James Franklin Will, III's Motion to Dismiss the Indictment under the United States Supreme Court's decision in *New York State Rife & Pistol Association v. Bruen*, 597 U.S. 1 (2022). ECF No. 32. The United States filed a Response in opposition. For the reasons stated below, the Court **DENIES** the motion.

On September 12, 2023, Defendant was indicted for being a Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] The indictment provides that, on or about June 15, 2023, Defendant knowingly possessed a loaded Sig Sauer AR 15, .223 caliber rifle and a loaded Smith & Wesson .22 caliber revolver, in or affecting interstate commerce. It further states that, at the time he possessed these firearms, he knew he had been convicted of crimes punishable by a term of imprisonment exceeding one year, that is: (1) the felony offense of Attempt to Commit a Felony, in violation of West Virginia Code § 61-11-8; and (2) the felon offense of

---

[1] Section 922(g)(1) provides, in part: "It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to . . . possess in or affecting commerce, any firearm or ammunition[.]" 18 U.S.C. §922(g)(1), in part. Section 924(a)(8) states: "Whoever knowingly violates subsection (d) or (g) of section 922 shall be fined under this title, imprisoned for not more than 15 years, or both." 18 U.S.C. § 924(a)(8).

Conspiracy, in violation of West Virginia Code § 61-10-31; and (3) the felony offense of Unlawful Possession of a Deadly Weapon by a Felon, in violation of West Virginia Code § 61-7-7(b).

In his motion, Defendant argues the Indictment should be dismissed because it violates the Second Amendment to the United States Constitution. However, counsel for Defendant acknowledged that this Court already has ruled that 18 U.S.C. § 922(g)(1) is not unconstitutional under *Bruen*. *Def.'s Motion to Dismiss the Indictment*, at 1 n.1. Counsel further states that he filed this motion on behalf of Defendant to preserve his future right to advocate for relief under *Bruen* and its progeny. *Id.*

As recognized by counsel, this Court previously has ruled that the Second Amendment's protections do not extend to the possession of firearms by convicted felons. *See United States v. Ray*, Crim. Act. No. 3:21-00057, 2023 WL 4378152 (S.D. W. Va. July 6, 2023) (rejecting both the defendant's unconstitutional as applied and facially unconstitutional arguments under *Bruen* and denying his motion to dismiss the § 922(g)(1) charge against him) ; *United States v. Jeffreys*, Crim. Act. No. 3:21-00216, *2-3 (S.D. W. Va. Nov. 1, 2022) (denying the defendant's motion to dismiss under a number of statutes including § 922(g)(1) and stating the "Court finds nothing in *Bruen* that suggests Congress cannot act within the confines of the Second Amendment by prohibiting felons from possessing firearms"). With respect to the current motion, the Court finds no reason to depart from its prior rulings and adopts those rulings herein. Accordingly, the Court finds the § 922(g)(1) charge against Defendant does not violate the Second Amendment and **DENIES** his Motion to Dismiss the Indictment. ECF No. 32.

-3-

The Court **DIRECTS** the Clerk to send a copy of this Order to the defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 8, 2024

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE