IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.                                                                    CRIMINAL ACTION NO.   3:23-00148

JAMES FRANKLIN WILL, III

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant James Franklin Will, III's *pro se* Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release and request to be appointed counsel. ECF No. 60. The Government has responded in opposition to the motion, and it has provided the Court with the records from the Federal Bureau of Prison (BOP). Upon review, the Court **DENIES** the motion.

In this case, Defendant pled guilty to a single-count indictment for being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). As described in the Presentence Report, the offense of conviction involved Defendant entering a house and waving around two fully-loaded firearms and pointing them at the residents of the house, claiming that he was being chased. *Presentence Report* ¶¶6-8, ECF No. 57. At Defendant's sentencing held on May 20, 2024, the Court found Defendant's Criminal History Category was VI, which included five prior felony offenses. *Statement of Reasons*, at 1, ECF No. 56; *Presentence Report*, 8-12. The Court sentenced Defendant to 45 months of imprisonment, followed by three years of supervised release. *J. Order*, at 2, 3, ECF No. 54. Defendant is scheduled to be released from prison on December 29, 2026.[1]

---

[1] Federal Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/

Following his sentencing, Defendant states he became very sick, but the BOP ignored his symptoms. Ultimately, Defendant was diagnosed with endocarditis,[2] was hospitalized, and underwent heart surgery.[3] He states he now has very little movement in his limbs, is confined to a wheelchair, and needs other inmates to help him with activities of daily living. He also asserts he suffers from hyperlipidemia, opioid dependency, major depressive disorder, PTSD, muscle weakness, unspecified gait abnormalities, and joint pain. He claims the BOP is not properly treating his conditions and not taking him to his follow-up appointments with his doctors. Additionally, he asserts he was placed in a special housing unit which is making his conditions worse. To his credit, Defendant further states that he is participating in a drug treatment program, has had no infractions, and has served over half of his sentence.

It is uncontested Defendant sought relief from the Warden before he filed this action.[4] In denying Defendant's request, the Warden stated that Defendant was "being treated in accordance with evidenced based standards." *Complex Warden, Shannon D. Withers, Resp. to Inmate Requests to Staff Member*, at 1 (May 7, 2025), ECF No. 60-2. The Warden also said Defendant's condition was "stable," he is "not terminally ill," and his "life expectancy is normal for [his] age." *Id.* Additionally, the Warden stated that Defendant "is not completely disabled and totally confined

---

[https://perma.cc/2VEZ-CTBR] (last visited Nov. 6, 2025).

[2]According to the Mayo Clinic, "[e]ndocarditis is a life-threatening inflammation of the inner lining of the heart's chambers and valves. . . . Treatments for endocarditis include medications and surgery." Mayo Clinic, *Endocarditis*, https://www.mayoclinic.org/diseases-conditions/endocarditis/symptoms-causes/syc-20352576 [https://perma.cc/P98J-7U8W] (last visited Nov. 6, 2025).

[3]*Operative Rep.* (Oct. 24, 2024), ECF No. 66-2, at 448-450.

[4]Before defendants may request a reduction from the Court, they must ask the BOP to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A).

to a bed or chair. [He is] able to independently attend to [his] activities of daily living and [his] medical condition does not affect [his] ability to function in a correctional setting." *Id*. Defendant now seeks to be released on home confinement or to an outside medical facility by this Court so that he can receive medical treatment.

Typically, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, 18 U.S.C. § 3852(c)(1)(A)(i) creates an exception whereby a court "may reduce the term of imprisonment" if it finds that "extraordinary and compelling reasons warrant such a reduction" and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). If a defendant satisfies this first step, the Court then proceeds to consider whether a sentence modification is appropriate under the factors outlined in 18 U.S.C. § 3553(a). *Malone*, 57 F.4th at 174. "Importantly, a court assessing a compassionate release motion is entitled to consider the § 3553(a) factors only after conducting the first step's analysis." *United States v. Osman*, No. 23-6544, 2024 WL 3633573, at *3 (4th Cir. Aug. 2, 2024) (per curiam) (internal quotation marks, brackets, and citations omitted)).

The policy statements issued by the Sentencing Commission describe what factors qualify as extraordinary and compelling reasons. *United States v. Davis,* 99 F.4th 647, 654 (4th Cir. 2024) (stating that "[i]n May 2023, the Sentencing Commission . . . promulgated amendments to U.S.S.G. § 1B1.13, the section that governs § 3582 and discusses the contours of 'extraordinary and compelling' reasons" (citation omitted). As relevant here, U.S.S.G. §1B1.13 provides:

> **(b) Extraordinary and Compelling Reasons**.--Extraordinary and compelling reasons exist under any of the following circumstances or a combination thereof:
>
> **(1) Medical Circumstances of the Defendant**.—

-3-

> (A) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end-of-life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (B) The defendant is—
>
> > (i) suffering from a serious physical or medical condition, [or]
> >
> > (ii) suffering from a serious functional or cognitive impairment
>
> \*     \*     \*
>
> (C) The defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death.
>
> \*     \*     \*
>
> **(d) Rehabilitation of the Defendant**.--Pursuant to 28 U.S.C. 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement. However, rehabilitation of the defendant while serving the sentence may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted.

U.S.S.G. . §1B1.13, in part. Additionally, §1B1.13(a)(2) and (3) provide that the defendant cannot be "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)," and any reduction must be "consistent with this policy statement." *Id.* When evaluating the defendant's argument, the Court must make an individualized assessment of the defendant's sentence and circumstances. *See United States v. Moody*, 115 F.4th 304, 312 (4th Cir. 2024). Although the Court does not need to address all Defendant's arguments, it must "set forth enough"

explanation to show it "*considered* the parties' arguments and has *a reasoned basis* for exercising its own legal decisionmaking authority[.]" *United States v. Hargrove*, 30 F.4th 189, 199 (4th Cir. 2022) (italics original; citations omitted).

In this case, Defendant's primary argument is that he suffers significant medical issues that constitute "extraordinary and compelling" reasons for compassionate release. In response to Defendant's motion, the Government submitted Defendant's voluminous medical records. Those medical records, which are nearly 1,000 pages, do affirm that Defendant was critically ill with endocarditis and had heart surgery in October 2024.[5] The BOP's clinic notes dated February 27, 2025, indicate Defendant "is able to feed himself, dress himself and use[] the toilet, but [he cannot] not put on socks" or push his wheelchair.[6] Upon examination, the defendant was found to have a decreased range of motion in his shoulders, hips, and knees and generalized muscle weakness.[7] Defendant's medical records also mention that Defendant has major depressive disorder,[8] opioid

---

[5]*BOP Health Servs. Clinical Encounter* (Feb. 27, 2025), ECF No. 66-1, at 127; *Operative Rep.* (Oct. 24, 2024), ECF No. 66-2, at 448-450; *Discharge Summ. from Wayne Mem. Hosp.* (Dec. 8, 2024), ECF No. 66-2, at 68-73.

[6]*Id*.

[7]*Id*., ECF No. 66-1, at 128-29.

[8]*See, e.g., BOP Health Servs. Clinical Encounter* (Aug. 18, 2025), ECF No. 66-3, at 6; *BOP Health Servs. Clinical Encounter* (July 19, 2024), ECF No. 66-1, at 2.

dependence,[9] hyperlipidemia,[10] unspecified abnormalities of gait and mobility.[11] post-traumatic stress disorder,[12] muscle weakness,[13] and joint pain.[14] In one of his more recent medical records, it states Defendant was in a wheelchair complaining of joint pain and stating that he could not walk.[15] An assessment noted unspecified pain, but there was nothing unusual found on examination.[16]

Upon review of the medical records, the Court finds Defendant has experienced serious physical and medical conditions while imprisoned. However, it appears his most serious condition, his endocarditis, was treated and resolved. Additionally, the medical records demonstrate that the BOP frequently assesses and examines Defendant and provides him medications to treat his major depressive disorder, opioid dependence, and hyperlipidemia.[17] Although it appears Defendant

---

[9]*See, e.g., BOP Health Servs. Clinical Encounter Admin. Note* (Sept. 3, 2025), ECF No. 66-3, at 2; *BOP Health Servs. Health Problems* (Sept. 5, 2024), ECF No. 66-2, at 5; *BOP Health Servs. Hist. & Physical* (July 8, 2024), ECF No. 66-1, at 19.

[10]*See, e.g., BOP Health Servs. Clinical Encounter* (Feb. 27, 2025), ECF No. 66-1, at 129; *BOP Health Servs. Health Problems* (Sept. 5, 2024), ECF No. 66-2, at 5.

[11]*See, e.g., BOP Health Servs. Health Problems* (Feb. 11, 2025), ECF No. 66-2, at 5; *BOP Health Servs. Clinical Encounter* (Feb. 10, 2025), ECF No. 66-1, at 135.

[12]*See, e.g., id.*; *BOP Health Servs. Clinical Encounter* (Feb. 10, 2025), ECF No. 66-1, at 135.

[13]*See, e.g., BOP Health Servs. Clinical Encounter* (Feb. 10, 2025), ECF No. 66-1, at 134.

[14]*See, e.g., BOP Health Servs. Clinical Encounter* (Aug. 18, 2025), ECF No. 66-3, at 4; *BOP Health Servs. Health Problems* (Feb. 11, 2025), ECF No. 66-2, at 5.

[15]*BOP Health Servs. Clinical Encounter* (Aug. 18, 2025), ECF No. 66-3, at 4.

[16]*Id.* at 5.

[17]*BOP Health Servs. Clinical Encounter* (Aug. 18, 2025), ECF No. 66-3, at 5-6; *Med. Admin. R.* (Aug. 2025), ECF No. 66-3, at 9-10.

does experience mobility problems and joint pain, the BOP has prescribed medication to treat his pain and has provided him a wheelchair, cane, and walker for him to use.[18] It also recently ordered an x-ray of his right shoulder.[19] Although the medical records do not make it entirely clear to the extent in which he uses all these devices, the Court recognizes that the Warden is in a much better position than this Court to observe Defendant's ability to attend to his daily activities and stated that he is "not completely disabled and totally confined to a bed or chair . . . [, is] able to independently attend to [his] activities of daily living[,] and [his] medical condition does not affect [his] ability to function in a correctional setting." *Complex Warden, Shannon D. Withers, Resp. to Inmate Requests to Staff Member*, at 1.

While the Court understands that Defendant may prefer to be treated for his conditions outside the prison walls, a careful and thorough review of his medical records does not demonstrate an extraordinary and compelling reason for release. The Court finds Defendant is not suffering from a terminal illness and his physical and medical conditions are being adequately treated by the BOP. In addition, the Court finds his participation in drug treatment and his reported lack of infractions while incarcerated, although commendable, and considered in combination with his physical and medical conditions, are not sufficient to warrant compassionate release.[20]

---

[18]*Id.*; *BOP Health Servs. Devices and Equipment* (Sept. 22, 2025), ECF No. 66-3, at 11.

[19]*Id.* at 6. The Court is unaware if Defendant has undergone his x-ray or if it is still pending at this time.

[20]Defendant also complains that, while he now weighs 189 pounds after regaining some of the weight he previously lost, the weight he has gained is fat. However, the Court finds his complaint is not a ground for release.

Accordingly, for the foregoing reasons, the Court **DENIES** Defendant's Motion for Sentence Reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) for Compassionate Release and his request to be appointed counsel. ECF No. 60.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel and the defendant, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: November 7, 2025

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE